O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JESUS GOMEZ,<br><br>                Plaintiff,<br>  vs.<br><br>JAY W. CERVENKA, et al.<br>                Defendant. | No. ED CV-12-02265-JLQ<br><br>ORDER RE: SUFFICIENCY<br>OF COMPLAINT |

     BEFORE THE COURT is Plaintiff's Complaint (ECF No. 2). Plaintiff has been granted leave to proceed *in forma pauperis* by Order of Magistrate Judge Prada. (ECF No. 4). When a *pro se* litigant is proceeding *in forma pauperis* ("IFP") this court must review the complaint to determine if it is legally sufficient. The court must dismiss the case if Plaintiff has raised claims that are "frivolous or malicious", that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

     The court has concerns with the sufficiency of Plaintiff's Complaint. It appears that Plaintiff has filed a "form" or "fill-in-the-blank" Complaint. The Complaint contains some blanks that Plaintiff apparently forgot to complete. <u>See for example</u> Complaint at ¶ 45, referencing [SALE DATE] and [EVICTING ENTITY]. The Complaint also contains references to Plaintiff as "her" and "she", although Plaintiff Jose Jesus Gomez is a "single man". The court also has concerns that the Complaint fails to state a claim in that the claims are time-barred, as discussed further *infra*. The apparent use by Plaintiff of a 'cut and paste' Complaint also raises issue with whether the claims are being brought in good faith. Pursuant to Fed.R.Civ.P. 11, Plaintiff has an obligation to assert only claims that are warranted by existing law and factual contentions that have evidentiary support.

ORDER - 1

## DISCUSSION

**I. The Complaint**

First, Federal Rule of Civil Procedure 8(a) requires that a Complaint contain: 1) a short and plain statement of the grounds for the court's jurisdiction; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for relief.  Plaintiff's Complaint does not set forth a short and plain statement establishing that he is entitled to relief.  Plaintiff's allegations are unclear, and lack specificity. Despite naming four corporate and individual Defendants as well as the "Unknown Defendants", the allegations of wrongful conduct are often alleged in conclusory fashion against all Defendants.   Further, Fed.R.Civ.P. 10(b) requires that claims be set forth in numbered paragraphs.  The first ten pages of the Complaint contain paragraphs numbered 1 to 35.  However, then on page eleven, the numbering begins again at paragraph 2, and sets forth a recitation of the parties - - duplicating the section on "parties" contained on page three.

The Supreme Court has stated that: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's Complaint is sufficiently unclear and convoluted that a Defendant could not reasonably prepare a response.  Plaintiff's Complaint has approximately 70 pages of documents attached to it, some pages described as exhibits, but none of them referenced or incorporated into the Complaint. For example, at Exhibit A (ECF No. 2, p. 30 of 113), there is a narrative description which may be intended to be an affidavit, or a continuation of the Complaint.  If intended to be an affidavit, it is not signed under penalty of perjury or notarized.

**A. Plaintiff's Claims Appear to be Time-Barred**

Plaintiff alleges that he entered into a loan agreement on January 21, 2004, and December 4, 2006. (ECF No. 2, p. 3).  Plaintiff bases his allegations of federal jurisdiction on the Truth In Lending Act ("TILA") and the Real Estate Settlement

ORDER - 2

Procedures Act ("RESPA").  The TILA contains a one-year statute of limitations. See 15 U.S.C. § 1640(e)(providing in part that action must be brought "within one year from the date of the occurrence of the violation").  The Ninth Circuit has stated that the "limitations period beg[ins] to run when the plaintiffs execute[] their loan documents, because they could have discovered the alleged disclosure violations and discrepancies at that time." *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1045 (9th Cir. 2011).

In this case, the loan agreement was entered into and documents executed at the latest on December 4, 2006.  This action was not filed until over six years later, on December 21, 2012.  It is apparent from the face of the FAC that the claims are time barred. See *Cervantes*, 656 F.3d at 1045 ("The running of the limitations periods of both claims is apparent on the face of the complaint because the plaintiffs obtained their loans in 2006, but commenced the action in 2009.").  Therefore, it appears that Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff additionally asserts a claim for rescission in Count 10 of his Complaint. Claims for rescission under TILA are subject to a three-year statute of limitations. See *McOmie-Gray v. Bank of America*, 667 F.3d 1325, 1326 (9th Cir. 2012)("15 U.S.C. § 1635(f) is a three-year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan secured by the first trust deed, regardless of when the borrower sends notice of rescission.")   That claim is time-barred, as the Complaint was not filed until more than six years after the origination of the loan.

The RESPA contains a one to three year statute of limitations depending on what section is allegedly violated. See 12 U.S.C. § 2614 (providing a three-year period for claims brought under § 2605, and "1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation").  Again, as this action was not filed until more than six years after the loan origination, the claims appear to be time-barred.

ORDER - 3

### B. Jurisdiction

Plaintiff relies on the TILA and RESPA to establish federal jurisdiction. As these claims appear to be time-barred, the court would dismiss them and decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3).

### II. Opportunity to Amend or Voluntarily Dismiss Complaint

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Plaintiff may submit an amended complaint **on or before March 4, 2013**. The Amended Complaint must address the deficiencies set forth herein concerning the format and substance of the Complaint.

If Plaintiff chooses to file an amended complaint, it **will operate as a complete substitute for (rather than a mere supplement to)** the present Complaint. The amended complaint must be clearly labeled "First Amended Complaint" and bear the cause number CV-12-02265-JLQ. The Amended Complaint should plead facts, if any, demonstrating why the TILA and RESPA claims are not barred by the applicable statutes of limitation. It must contain short and plain statements of the facts set forth in separately numbered paragraphs. It must not be merely a "form" pleading, containing blanks, such as [SALE DATE] that Plaintiff has neglected to fill-in. It must contain specific factual allegations against specific Defendants, rather than generically referring at all times to "Defendants". It must also clearly delineate the causes of action asserted and the factual allegations in support of each claim. If Plaintiff again chooses to file supporting documents to his Amended Complaint, they shall be referenced in the Amended Complaint. If Plaintiff chooses to submit a declaration/affidavit in support, it shall be properly executed.

Alternatively, the court will permit Plaintiff to voluntarily dismiss his Complaint pursuant to Federal Rule of Civil Procedure 41(a). If Plaintiff wishes to voluntarily dismiss his Complaint, he shall file a "Notice of Dismissal" **on or before March 4, 2013.**

ORDER - 4

**IT IS HEREBY ORDERED**:

1. Plaintiff shall respond to the concerns raised regarding his Complaint, by way of filing an Amended Complaint **on or before March 4, 2013**.

2. Alternatively, Plaintiff may, at his option, file a Notice of Dismissal pursuant to Rule 41(a). In such case, the Complaint will be dismissed without prejudice.

3. If Plaintiff makes no response to this Order on or before **March 4, 2013**, then the court will issue an order dismissing the Complaint, without prejudice, based on failure to prosecute and failure to comply with this Order.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish a copy to Plaintiff.

DATED this 29th day of January, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5