O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE JESUS GOMEZ,

                Plaintiff,

  vs.

JAY W. CERVENKA, et al.

                Defendant.

No. ED CV-12-02265-JLQ

ORDER DISMISSING FEDERAL CLAIMS AND DECLINING SUPPLEMENTAL JURISDICTION

     BEFORE THE COURT is Plaintiff's First Amended Complaint (ECF No. 8). Plaintiff has been granted leave to proceed *in forma pauperis* by Order of Magistrate Judge Prada. (ECF No. 4). When a *pro se* litigant is proceeding *in forma pauperis* ("IFP") this court must review the complaint to determine if it is legally sufficient. The court "shall dismiss the case at any time" if Plaintiff has raised claims that are "frivolous or malicious", that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). This court, on January 29, 2013, entered an Order Re: Sufficiency of Complaint (ECF No. 5) which alerted Plaintiff to numerous deficiencies with his Complaint and directed him to amend or voluntarily dismiss.

     Plaintiff's First Amended Complaint (ECF No. 8) evidences some effort on Plaintiff's part to comply with the Court's prior Order. The court previously pointed out that the Complaint (ECF No. 2) appeared to be a "form" or "fill-in-the-blank" Complaint. The Complaint contained blanks that Plaintiff apparently forgot to complete. See for example Complaint at ¶ 45, referencing [SALE DATE] and [EVICTING ENTITY]. Although Plaintiff corrected some of these errors, he did not correct all of them. See for example Am. Complaint at ¶¶ 45, 86. The court directed Plaintiff that Fed.R.Civ.P. 10(b)

ORDER - 1

requires that claims be set forth in numbered paragraphs, and stated as to the original Complaint: "The first ten pages of the Complaint contain paragraphs numbered 1 to 35. However, then on page eleven, the numbering begins again at paragraph 2, and sets forth a recitation of the parties - - duplicating the section on "parties" contained on page three." (ECF No. 5, p. 2). Plaintiff's Amended Complaint duplicates this error.

More important than these formatting errors, Plaintiff's First Amended Complaint still demonstrates on its face that the TILA and RESPA claims are time-barred. The court previously informed Plaintiff that the claims appeared to be time-barred and directed Plaintiff that: "The Amended Complaint should plead facts, if any, demonstrating why the TILA and RESPA claims are not barred by the applicable statutes of limitation." (ECF No. 5, p. 4). As discussed *infra*, the federal claims are time-barred and the court declines supplemental jurisdiction over the state law claims.

## DISCUSSION

### I. The TILA, RESPA, and Recission Claims are Time Barred

Plaintiff alleges that he entered into a loan agreement on January 21, 2004, and December 4, 2006. (ECF No. 8, p. 3). Plaintiff bases his allegations of federal jurisdiction on the Truth In Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). The TILA contains a one-year statute of limitations. See 15 U.S.C. § 1640(e)(providing in part that action must be brought "within one year from the date of the occurrence of the violation"). The Ninth Circuit has stated that the "limitations period beg[ins] to run when the plaintiffs execute[] their loan documents, because they could have discovered the alleged disclosure violations and discrepancies at that time." *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1045 (9th Cir. 2011).

In this case, the loan agreement was entered into and documents executed at the latest on December 4, 2006. This action was not filed until over six years later, on December 21, 2012. It is apparent from the face of the First Amended Complaint that the claims are time barred. See *Cervantes*, 656 F.3d at 1045 ("The running of the limitations periods of both claims is apparent on the face of the complaint because the plaintiffs

ORDER - 2

obtained their loans in 2006, but commenced the action in 2009."). Therefore, Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff attempts to avoid the statute of limitations by pleading that the limitations period was tolled because Defendants failed to "effectively provide the required disclosures and notices" and by claiming that he did not learn of his claim until he consulted with a lawyer in November 2012. (ECF No. 8, p. 18-19). Plaintiff's attempt fails. Statutes of limitation would be entirely ineffectual if they were tolled until a potential plaintiff decided to talk to a lawyer. Plaintiff's claim that failing to provide the disclosures tolled his claim of a TILA violation for failure to provide such disclosures is foreclosed by *Cervantes*.

Plaintiff additionally asserts a claim for rescission in Count 10 of his First Amended Complaint. Claims for rescission under TILA are subject to a three-year statute of repose. See *McOmie-Gray v. Bank of America*, 667 F.3d 1325, 1326 (9th Cir. 2012)("15 U.S.C. § 1635(f) is a three-year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan secured by the first trust deed, regardless of when the borrower sends notice of rescission.") The claim is time-barred, as the First Amended Complaint alleges the loan was consummated in December 2004, and the Complaint was not filed until more than six years later.

The RESPA contains a one to three year statute of limitations depending on what section is allegedly violated. See 12 U.S.C. § 2614 (providing a three-year period for claims brought under § 2605, and "1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation"). Again, as this action was not filed until more than six years after the loan origination, the claim is time-barred. See *Lyman v. Loan Correspondents Inc.*, 470 Fed.Appx. 688 (9th Cir. 2012)(affirming dismissal on the pleadings of RESPA claim as time-barred and stating, "the district court did not abuse its discretion by declining to apply equitable tolling because the Lymans did not allege facts showing that the alleged violations could not have been discovered by

a reasonable plaintiff within the limitations period.")

## II. The Court Declines Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3) this court may decline to exercise supplemental jurisdiction over state law claims if it has "dismissed all claims over which it has original jurisdiction." The Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), stated that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." Ordinarily, where the federal claims are dismissed prior to trial, "the state law claims should be dismissed as well." *Id.* Plaintiff's First Amended Complaint contains sixteen claims, thirteen of which are based on state law and can be more appropriately decided in state court. As the Supreme Court stated: "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties". *Id.*

This court declines to retain jurisdiction over the remaining state law claims, and this action will be dismissed in its entirety. The pendency of this action shall not prejudice Plaintiff in timely asserting his claims in state court, because the statute of limitations as to his state law claims asserted herein is considered tolled while this action is pending. See 28 U.S.C. § 1367(d)("...shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period); *Kendrick v. City of Eureka*, 82 Cal.App.4th 364 (Cal.App. 2000).

## CONCLUSION

Plaintiff asserts three claims based on federal law. Counts 5 and 10 are based on alleged violation of the TILA. Count 6 alleges violation of the RESPA. All of those claims are time-barred, and will be dismissed with prejudice. The court makes no judgment on the timeliness or the merit of the remaining thirteen (13) state law claims. Some of those claims may be timely as Plaintiff alleges that a delinquent property sale of his home occurred in December 2012. If Plaintiff wishes to pursue his state court claims in state court, he should proceed promptly in so doing.

**IT IS HEREBY ORDERED**:

ORDER - 4

1. Plaintiff's claims for violation of the TILA and RESPA are time-barred. Accordingly, Counts 5, 6, and 10 of the First Amended Complaint, the federal law claims, are hereby dismissed with prejudice.

2. The court declines to exercise supplemental jurisdiction over the remaining thirteen (13) state law claims and they are dismissed without prejudice.

3. The Clerk shall close this file.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order, furnish a copy to Plaintiff, and close this file.

DATED this 12th day of March, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5